# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| MARIELY NORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-5107 |
| | ) |
| NAVIENT SOLUTIONS, INC. *f/k/a* | ) |
| SALLIE MAE, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, MARIELY NORRIS, (hereinafter referred to as "Plaintiff") brings this action for damages, and other legal and equitable remedies resulting from the illegal actions of NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE MAE, INC. ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without Plaintiff's prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. In an effort to enforce

PLAINTIFF'S COMPLAINT  
1

Sharon D. Cousineau  
Samwel Cousineau, PC  
700 West Evergreen Boulevard  
Vancouver, Washington 98660  
Tel. 360-750-3789 / Fax 360-750-3788

a fundamental right to privacy, Plaintiff alleges, by and through her counsel, Samwel Cousineau, PC, the following against Defendant:

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, *et seq.* ("TCPA").

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

PLAINTIFF'S COMPLAINT

2

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

PLAINTIFF'S COMPLAINT

3

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Puyallup, Pierce County, Washington.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters are in Wilmington, Delaware.

11. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

12. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Washington and in the County of Pierce, and within this judicial district.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

13. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can

PLAINTIFF'S COMPLAINT

4

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

17. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

    a. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

18. Within four years of Plaintiff filing this Complaint, Defendant communicated with Plaintiff regarding the federal student loan account on which Plaintiff is a co-signor ("Account").

19. In or around June 2015, Defendant began to utilize Plaintiff's cellular telephone number, ending in 5024, to place virtually daily incessant calls to Plaintiff pertaining to the Account.

20. Since June 2015, Defendant has called Plaintiff on her cellular telephone with pre-

PLAINTIFF'S COMPLAINT

5

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

recorded messages.

21. Defendant calls Plaintiff from the telephone numbers 877-770-4157, 302-261-5532, and 765-637-0791, which are three of Defendant's telephone numbers.

22. Each time Plaintiff answers a call from Defendant, there is an automated message and then Plaintiff is connected to a live person.

23. Each time Plaintiff answers a call from Defendant, Plaintiff tells Defendant to stop calling her.

24. In or around June 2015, Plaintiff first told Defendant to stop calling her.

25. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff at least once per day.

26. Despite multiple requests from Plaintiff to stop calling, Defendant continued to place repeated collections calls to Plaintiff's cellular telephone regarding the Account.

27. On or about September 22, 2015, Plaintiff's attorney's office mailed a cease and desist request to Defendant's corporate headquarters at 123 S. Justison Street, Wilmington, DE 19801, requesting that Defendant stop all further communications with Plaintiff.

28. Nonetheless, Defendant continued to place repeated calls to Plaintiff's cellular telephone, using an "automated telephone dialing system."

29. Specifically, but not limited to, Defendant called Plaintiff's cell phone on the following dates and times:

    a. On October 14, 2015 at 5:45 p.m.; Defendant also left a voicemail;
    b. On November 5, 2015 at 3:19 p.m.;
    c. On November 6, 2015 at 5:56 p.m.;
    d. On November 9, 2015 at 3:51 p.m.;

PLAINTIFF'S COMPLAINT

6

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

e. On November 11, 2015 at 3:24 p.m.;

f. On November 12, 2015 at 3:47 p.m.;

g. On November 13, 2015 at 1:28 p.m.;

h. On November 14, 2014 at 8:51 a.m.;

i. On November 16, 2015 at 11:53 a.m. and 4:50 p.m.;

j. On November 17, 2015 at 9:38 a.m.; Defendant also left a voicemail;

k. On November 18, 2015 at 11:43 a.m., 3:30 p.m., and 5:54 p.m.

l. On November 19, 2015 at 11:30 a.m., 1:50 p.m., 1:50 p.m., 3:58 p.m., 5:11 p.m., and 6:53 p.m.;

m. On November 20, 2015 at 8:54 a.m., 10:48 a.m., 12:52 p.m., and 2:53 p.m.;

n. On November 23, 2015 at 9:38 a.m., 1:32 p.m., and 3:50 p.m.;

o. On November 24, 2015 at 8:50 a.m., 1:09 p.m., 3:43 p.m., and 4:47 p.m.;

p. On November 25, 2015 at 8:46 a.m., 10:42 a.m., 1:04 p.m., 2:18 p.m., and 3:47 p.m.

q. On November 27, 2015 at 8:55 a.m.;

r. On November 30, 2015 at 8:53 a.m., 10:43 a.m., and 12:52 p.m.;

s. On December 2, 2015 at 9:49 a.m., 1:48 p.m., and 4:34 p.m.;

t. On December 3, 2015 at 9:45 a.m.;

u. On December 4, 2015 at 9:47 a.m.;

v. On December 7, 2015 at 9:11 a.m. and 11:33 a.m.;

w. On December 8, 2015 at 9:45 a.m. and 12:42 p.m.; and

x. On December 9, 2015 at 9:03 a.m., 11:36 a.m., 12:42 p.m., 3:26 p.m. and 4:35 p.m.

PLAINTIFF'S COMPLAINT

7

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

30. Defendant made numerous telephone calls to Plaintiff's cellular telephone. The telephone numbers that Defendant used to contact Plaintiff with an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

31. The calls Defendant placed to Plaintiff's cellular telephone were placed using an automatic telephone dialing system.

32. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

33. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

34. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

35. Defendant's calls are placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

37. Plaintiff is not a customer of Defendant's services, and has never provided her cellular telephone number to Defendant for any purpose whatsoever.

38. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her

PLAINTIFF'S COMPLAINT

8

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

39. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff told Defendant to stop calling her.

40. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

41. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

42. Defendant made unsolicited commercial phone calls to the wireless telephone numbers of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

43. These phone calls were made without the prior express consent of Plaintiff.

44. Defendant's conduct therefore violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MARIELY NORRIS, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE MAE, INC., for the following:

45. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47

PLAINTIFF'S COMPLAINT

9

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788

U.S.C. 227(b)(3)(B).

46. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

47. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

48. Any other relief that this Honorable Court deems appropriate.

DATED: February 10, 2016            RESPECTFULLY SUBMITTED,

By: /s/ Sharon D. Cousineau
    Sharon D. Cousineau
    Samwel Cousineau, PC
    700 West Evergreen Blvd.
    Vancouver, WA 98660
    Tel. 360-750-3789
    Fax 360-750-3788
    sdcousineau@gmail.com

PLAINTIFF'S COMPLAINT

10

Sharon D. Cousineau
Samwel Cousineau, PC
700 West Evergreen Boulevard
Vancouver, Washington 98660
Tel. 360-750-3789 / Fax 360-750-3788